IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02862-ZLW

MAMADOU FOFANA CISSE,

Plaintiff,

v.

JEFFERSON COUNTY SHERIFF'S,
OFFICE DETENTION FACILITY,
DEPUTY CLARKSON,
JEFFERSON COUNTY CHAPLAIN,
DEPUTY FRANZ,
DEPUTY JORDAN, and
[SEVERAL DEPUTY],

Defendants

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 3 1 2010

GREGORY C. LANGHAM
CLERK

---

ORDER GRANTING MOTIONS TO RECONSIDER AND REINSTATING CASE

---

Plaintiff, Mamadou Fofana Cisse, filed *pro se* on March 19, 2010 and March 26, 2010, letters to the Court (Doc. ## 8, 9) requesting that the Court reconsider and vacate the Order of Dismissal and the Judgment filed in this action on January 21, 2010. The Court must construe the letters liberally because Mr. Cisse is proceeding *pro se*. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). The letters, therefore, will be construed as Motions to Reconsider, and will be granted for the reasons set forth below.

A litigant subject to an adverse judgment who seeks reconsideration by the district court of that adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243

(10th Cir. 1991). A motion to reconsider filed more than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243. Mr. Cisse's Motions to Reconsider, which were filed more than twenty-eight days after the Judgment was entered in this action, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See* **Massengale v. Oklahoma Bd. of Examiners in Optometry**, 30 F.3d 1325, 1330 (10th Cir. 1994).

On December 8, 2009, Magistrate Judge Boyd N. Boland entered an order directing the clerk to commence a civil action and directing Mr. Cisse to cure the noted deficiencies. Specifically, Magistrate Judge Boland ordered Mr. Cisse to file a certified copy of his prisoner's trust fund statement for the six month period immediately preceding the filing and to file a complete complaint on the court-approved form. On January 21, 2010, the Court dismissed Mr. Cisse's action without prejudice noting that he had not communicated with the Court since December 2, 2009, and that he had failed to cure the deficiencies set forth in the December 8 Order.

In the Motions to Reconsider, Mr. Cisse asserts that he was unable to cure the deficiencies because the day after receiving the Court's December 8 Order he was transferred to the federal transit center in Oklahoma and was not permitted to retain any of his legal documents. Mr. Cisse further asserts that he was in transit for forty-five days. Attached to the Motions to Reconsider, Mr. Cisse has submitted a memorandum from Correctional Counselor D. Coggin that supports his claims.

Upon consideration of the Motions to Reconsider and the entire file, the Court finds that extraordinary circumstances exist that justify a decision to reconsider and vacate the order dismissing this action. Because Mr. Cisse has alleged that he was denied the right to cure the deficiencies in this action due a prison transfer outside of his control, the Court finds that the case must be reopened. Therefore, the Motions to Reconsider will be granted. Accordingly, it is

ORDERED that the letters to the Court filed on March 19, 2010 and March 26, 2010, which the Court has construed liberally as Fed. R. Civ. P. 60(b) motions, is granted. It is

FURTHER ORDERED that the January 21, 2010, dismissal order and judgment are vacated (Doc. ## 4, 5). It is

FURTHER ORDERED that the Clerk of the Court is directed to reinstate and return this action to the *pro se* docket. It is

FURTHER ORDERED that Mr. Cisse will be allowed **thirty (30) days from the date of this order** in which to comply with the directives of the December 8, 2009, Order to Cure Deficiencies. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Cisse, together with a copy of this order, a copy of the December 8, 2009, Order to Cure Deficiencies and two copies of the following form to be used in submitting the complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Cisse fails to cure the noted deficiencies within the time allowed, the complaint and the action will be dismissed without further notice. It is

FURTHER ORDERED that process shall not issue until further order of the Court.

DATED: March 29, 2010.

BY THE COURT:

*(signed)* Christine M. Arguello

———————————————
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02862-ZLW

Mamadou Fofana C.
a/k/a Mamadou Fofana Cisse
Reg No. 34567-013
FCI - Englewood
9595 West Quincy Ave.
Littleton, CO 80123

 I hereby certify that I have mailed a copy of the **ORDER , Order filed 12/8/09, and two copies of the Prisoner Complaint** to the above-named individuals on __3/31/10__

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk