IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02862-BNB

MAMADOU FOFANA CISSE,

    Plaintiff,

v.

JEFFERSON COUNTY SHERIFF'S,
OFFICE DETENTION FACILITY,
DEPUTY CLARKSON,
JEFFERSON COUNTY CHAPLAIN,
DEPUTY FRANZ,
DEPUTY JORDAN, and
[SEVERAL DEPUTY],

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 0 7 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff, Mamadou Fofana Cisse, is a prisoner in the custody of the Bureau of Prisons and is currently incarcerated at the United States Penitentiary in Atwater, California. He initiated this action by filing a Prisoner Complaint and Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 with the Court on December 2, 2009.

In an order filed on December 8, 2009, Magistrate Judge Boyd N. Boland directed the Clerk of the Court to commence a civil action and directed Mr. Cisse to cure certain deficiencies if he wished to pursue his claims. Specifically, Magistrate Judge Boland ordered Mr. Cisse to file a complete complaint on the court-approved form, and file a certified copy of his inmate account statement for the 6-month period

immediately preceding the filing. Mr. Cisse was warned that the action would be dismissed without further notice if he failed to cure the deficiencies within thirty days.

On January 21, 2010, the Court found that Mr. Cisse had failed to file a complaint and a certified inmate account statement, and had not communicated with the Court since December 2, 2009. Therefore, the Court entered an order dismissing the action without prejudice for failure to cure the deficiencies.

Mr. Cisse filed *pro se* letters with the Court on March 19, 2010, and March 26, 2010. In the letters, Mr. Cisse requested that the Court reconsider and vacate the Order of Dismissal. As grounds, Mr. Cisse asserted that he was unable to cure the deficiencies in his action because he was transferred to the federal transit center in Oklahoma and was not permitted to retain any of his legal documents. He further asserted that he was in transit for forty-five days. Mr. Cisse submitted to the Court a memorandum from a prison official that supported his claims.

The Court construed the letters as Motions to Reconsider pursuant to Federal Rule of Civil Procedure 60(b), and found that Mr. Cisse had alleged that he was denied the right to cure the deficiencies in his action due to a prison transfer outside of his control. Therefore, on March 31, 2010, the Court ordered that the January 20 Order of Dismissal be vacated, and that Mr. Cisse's case be reopened. The Court also ordered Mr. Cisse to comply with the directives of the December 8, 2009, Order to Cure Deficiencies. The Court provided Mr. Cisse thirty days to cure the original deficiencies, and mailed him a copy of the December 8 Order to Cure.

The December 8 Order directed Mr. Cisse to file a certified copy of his prisoner's trust fund statement for the 6-month period immediately preceding the filing, in addition

to a Prisoner Complaint on the court-approved form. On April 26, 2010, Mr. Cisse submitted an inmate account statement. On May 3, 2010, Mr. Cisse submitted an Amended Prisoner Complaint, two motions for appointment of counsel, and a "Motion to Submit Civil Claim Without Prepayment." Attached to the "Motion to Submit Civil Claim Without Prepayment," was another inmate account statement.

Both of the account statements submitted by Mr. Cisse are deficient because they are not certified by the appropriate officer at the facility where he is incarcerated. Mr. Cisse did not submit a certified copy of his inmate trust fund account statement in support of the 28 U.S.C. § 1915 Motion, as he is required to do pursuant to § 1915(a)(2), and as is specified on Page Two of the § 1915 Motion and Affidavit form. Therefore, the action will be dismissed without prejudice for failure to cure all noted deficiencies. Accordingly, it is

ORDERED that the Amended Complaint and the action are dismissed without prejudice for failure to cure all deficiencies. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this  7th  day of  May , 2010.

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02862-BNB

Mamadou Fofana C.
a/k/a Mamadou Fofana Cisse
Reg No. 34567-013
USP Atwater
P.O. Box 019001
Atwater, CA 95301

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 5/7/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk