IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02862-ZLW

MAMADOU FOFANA CISSE,

Plaintiff,

v.

JEFFERSON COUNTY SHERIFF'S,
OFFICE DETENTION FACILITY,
DEPUTY CLARKSON,
JEFFERSON COUNTY CHAPLAIN,
DEPUTY FRANZ,
DEPUTY JORDAN, and
[SEVERAL DEPUTY],

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 13 2010

GREGORY C. LANGHAM
CLERK

ORDER DENYING MOTION TO RECONSIDER

Plaintiff, Mamadou Fofana Cisse, filed *pro se* on May 28, 2010, a letter to the Court requesting that the Court reconsider and vacate the Order of Dismissal and the Judgment filed in this action on May 7, 2010. The Court must construe the letter liberally because Mr. Cisse is proceeding *pro se*. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). The letter, therefore, will be construed as a Motion to Reconsider, and will be denied for the reasons set forth below.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243

(10th Cir. 1991). Mr. Cisse filed the Motion to Reconsider within twenty-eight days after the Order of Dismissal and the Judgment were entered in the instant action. The Court, therefore, finds that the Motion to Reconsider is filed pursuant to Rule 59(e). *See* Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Upon consideration of the Motion to Reconsider and the entire file, the Court concludes that Mr. Cisse fails to demonstrate that any of the grounds justifying reconsideration exist in his case.

Mr. Cisse initiated this action by filing a Prisoner Civil Rights Complaint on December 2, 2009. On December 8, 2009, Magistrate Judge Boyd N. Boland entered an order directing the clerk to commence a civil action and directing Mr. Cisse to cure the noted deficiencies. Specifically, Magistrate Judge Boland ordered Mr. Cisse to file a certified copy of his prisoner's trust fund statement for the 6-month period immediately preceding the filing, and to file a complete complaint on the court-approved form. On January 21, 2010, the Court dismissed Mr. Cisse's action without prejudice, finding that he had not communicated with the Court since December 2, 2009, and therefore, that he had failed to cure the deficiencies set forth in the December 8 Order.

Mr. Cisse filed a Motion for Reconsideration on March 19, 2010, and a second Motion for Reconsideration on March 26, 2010. In the Motions, Mr. Cisse alleged that he had been unable to cure the deficiencies in the action because he had been

transferred to a different federal facility and he was not permitted to retain any of his legal documents. Mr. Cisse provided supporting documentation from his correctional counselor which demonstrated that he had been in transit without access to his legal documents for forty-five days. Accordingly, on March 31, 2010, the Court granted the Motions for Reconsideration, and re-opened Mr. Cisse's case.

The March 31 Order directed Mr. Cisse to cure the original deficiencies set forth in Magistrate Judge Boland's December 8 Order, and provided him thirty days to do so. Mr. Cisse was warned that his action would be dismissed without further notice if he failed to cure the deficiencies within the time provided.

The December 8 Order directed Mr. Cisse to file a certified copy of his prisoner's trust fund statement for the 6-month period immediately preceding the filing, in addition to a Prisoner Complaint on the court-approved form. On April 26, 2010, Mr. Cisse submitted an inmate account statement. On May 3, 2010, Mr. Cisse submitted an Amended Prisoner Complaint, two motions for appointment of counsel, and a "Motion to Submit Civil Claim Without Prepayment." Attached to the "Motion to Submit Civil Claim Without Prepayment," was another inmate account statement. However, both inmate account statements submitted by Mr. Cisse were deficient, because they were not certified by the appropriate officer at the facility where he is incarcerated.

Accordingly, finding that Mr. Cisse failed to submit a certified copy of his inmate trust fund account statement in support of the 28 U.S.C. § 1915 Motion, the Court entered an order dismissing the action without prejudice on May 7, 2010.

Mr. Cisse filed the instant Motion for Reconsideration on May 28, 2010, in addition to a certified inmate account statement. In the Motion for Reconsideration, Mr.

Cisse asserts that he requested a certified account statement from his case manager, but that his case manager erroneously provided him with a statement that was not certified. Mr. Cisse asserts that he has attached exhibits to the Motion for Reconsideration which demonstrate that he requested a certified inmate account statement, but was mistakenly provided with a non-certified statement. However, Mr. Cisse has not provided any documentation to the Court demonstrating that he previously requested a certified inmate account statement from his case manager. Instead, the exhibits Mr. Cisse has submitted demonstrate only that he requested a certified account statement from his case manager on May 18, 2010, after his case had already been dismissed for failure to cure the deficiencies. Mr. Cisse has not provided any documents to the Court which support his claim that he requested a certified account statement at any time before May 18, 2010.

The December 8 Order to cure deficiencies, which was re-mailed to Mr. Cisse on March 31, 2010, clearly directed him to file a certified copy of his inmate account statement. Further, the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, which was mailed to Mr. Cisse on March 31, 2010, clearly states on Page 2 that the inmate is required to attached a certified copy of his inmate account statement. As such, the Court finds that Mr. Cisse had sufficient notice that he was required to submit a certified account statement, but Mr. Cisse did not take the appropriate steps to obtain such a statement until after his case was dismissed. Accordingly, Mr. Cisse has not asserted any of the major grounds that would justify reconsideration in his case, and the Motion for Reconsideration will be denied. **See Servants of the Paraclete**, 204 F.3d at 1012.

Mr. Cisse is reminded that the instant action was dismissed without prejudice, and he may, if he desires, seek to file a new action. Accordingly, it is

ORDERED that the letter filed by Plaintiff, Mamadou Fofana Cisse, on May 28, 2010, is liberally construed as a Motion to Reconsider pursuant to Fed. R. Civ. P. 59(e), and is denied.

DATED at Denver, Colorado, this __12th__ day of ___July___, 2010.

BY THE COURT:

_Christine M Arguello_
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02862-ZLW

Mamadou Fofana C.
a/k/a Mamadou Fofana Cisse
Prisoner No. 150318
Bent County Correctional Facility
11560 Road FF.75
Las Animas, CO 81054-9573

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/13/10

GREGORY C. LANGHAM, CLERK

By: _____
               Deputy Clerk